## UNITED STATES v. ABRAMS et al.

### (District Court, D. Vermont. February 23, 1916.)

### No. 294.

1. CUSTOMS DUTIES ⬤121—VIOLATION OF CUSTOMS LAWS—STATUTORY PROVISIONS.

   Tariff Act Aug. 5, 1909, c. 6, § 28, subsec. 9, 36 Stat. 97, provides that if any owner shall enter or introduce into the commerce of the United States any imported merchandise by means of any fraudulent or false

invoice, affidavit, letter, or paper, or by means of any false statement, by means whereof the United States may be deprived of the lawful duties accruing thereon, such person shall be fined or imprisoned. *Held,* that any fraudulent or false invoice, affidavit, letter, or paper, or any false statement, regarding the value of imported merchandise, whether required by statute or not, is a violation of this section.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 261; Dec. Dig. ☞121.]

2. CUSTOMS DUTIES ☞134—VIOLATION OF CUSTOMS LAWS—INDICTMENT.

A count in an indictment charged that defendants unlawfully imported from Canada into the United States certain imported merchandise subject to a duty to be computed on the then value, at a valuation much lower than its actual value, by means of a false statement, a fraudulent invoice, and a false affidavit, for the purpose of defrauding the United States; that defendants caused such merchandise, of which they were then the owners, to wit, a specified quantity of Indian baskets, to be passed through the customs house, and did so pass it and introduce it into the commerce of the United States by means of such statement, invoice, and affidavit which represented the value of such merchandise to be $41.04, and no more, when in fact its value was $62; and that defendants did such acts knowing the statement, invoice, and affidavit to be false. *Held,* that this was sufficient to charge a violation of Tariff Act Aug. 5, 1909, § 28, subsec. 9.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 336–339; Dec. Dig. ☞134.]

Criminal prosecution by the United States against Morris N. Abrams and another. Heard on demurrer by defendant Joseph S. Abrams to each count of the indictment. Demurrer overruled.

See, also, 230 Fed. 313.

Vernon A. Bullard, U. S. Atty., of Burlington, Vt.

Curie, Smith & Maxwell, of New York City (Thomas M. Lane, of New York City, of counsel), for defendant.

HOWE, District Judge. Subsection 9 of section 28 of the Tariff Act of August 5, 1909 (36 Stat. 97) provides:

"That if any * * * owner * * * shall enter or introduce, * * * into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, * * * by means whereof the United States shall or may be deprived of the lawful duties, * * * accruing upon the merchandise, * * * embraced or referred to in such invoice, affidavit, letter, paper, or statement, * * * such person shall * * * be fined * * * or be imprisoned * * *"

It is not claimed that there is any material difference between any of the 30 counts in the indictment, except as to time and place, quantity, and value of the goods imported. Each count of the indictment charges:

"* * * that on, etc., at, etc., [the defendants] did unlawfully import from the Dominion of Canada, and enter and introduce into the commerce of the United States, certain imported merchandise which was subject to the payment of a duty to be computed on the then value of said merchandise, at a valuation much lower than the actual value of said goods, by means of a false statement, a false and fraudulent invoice of said goods, and a false affidavit * * * presented * * * to the United States customs officer, * * * all for the purpose of defrauding the United States; * * * that

the [defendants] did * * * cause all of said merchandise, of all of which they were then and there the *owners*, to wit, 49 5/12 dozen of Indian baskets, to be passed through the custom house at Island Pond, and did so pass the same through the custom house and introduce the same into the commerce of the United States, * * * by means of said false statement, false and fraudulent invoice and affidavit, which * * * stated and represented the value of said merchandise to be $41.04 and no more, when in truth and in fact the then value of said merchandise was a much greater sum than the sum mentioned in said statement, false invoice, and false affidavit, to wit, the sum of $62.00; that the [defendants], being then and there the owners and importers of all of said goods and well knowing said false statement, false and fraudulent invoice, and false affidavit to be false, * * * did all of said acts above mentioned. * * *"

[1] Without regard to the provisions of the other subsections of section 28, requiring, in case the imported merchandise was obtained by purchase, a true and full statement of the time when, the place where, the person from whom, the same was purchased, and *the actual cost thereof;* and in case it was obtained in any other manner than by purchase, *the actual market value or wholesale price thereof,* at the time of the exportation to the United States, in the principal markets of the country from whence exported, subsection 9 requires honesty and prohibits dishonesty in whatever is written or said to the government regarding the value of the imported merchandise, and if its "then value," "actual value," "value," "true and accurate value," is falsely stated by the owner, as alleged in each count of the indictment, subsection 9 is violated. This section prohibits *any* fraudulent or false invoice, affidavit, letter, paper, or any false statement, written or verbal, whether required by statute or not. Whenever any fraudulent or false invoice, affidavit, letter, paper, or any false statement, written or verbal, is made regarding the value of imported merchandise, this section is violated.

[2] It is alleged in each count of the indictment: (1) That the defendants owned the merchandise; (2) its kind and quantity.; (3) that the defendants entered and introduced it into the commerce of the United States by means of a false and fraudulent invoice, statement, and affidavit; (4) well knowing that such invoice, statement, and affidavit were false; and (5) that they did this for the purpose of cheating and defrauding the United States; and facts showing that the invoice, statement, and affidavit were false and fraudulent in stating the value of the imported merchandise are sufficiently stated. The allegation in the third count is that:

The defendants stated the value of the merchandise to be "$41.04. and no more, when in truth and in fact the then value of the said merchandise was a much greater sum, * * * to wit, the sum of $62, * * * and that [the defendants], * * * well knowing such false statement, false and fraudulent invoice, and false affidavit to be false, did all of the acts above mentioned * * * for the purpose of cheating and defrauding the United States. * * *"

All of the other counts contain the same allegations, except that the quantity and value of the imported merchandise therein described is stated in different amounts. Each count of the indictment clearly charges a violation of subsection 9.

Therefore the demurrer is overruled, and each count of the indictment is adjudged sufficient.